# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND MUTUAL GENERAL RELEASE

AMY GIBSTEIN and LEE ANDREW GIBSTEIN, including their heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Defendants"), and VICTORIA LIBERTAD IDIAQUEZ including her heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Confidential Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of his employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:
    a) Title VII of the 1964 Civil Rights Act
    b) The Civil Rights Act of 1991
    c) The Age Discrimination in Employment Act
    d) The Older Workers Benefit Protection Act
    e) The Equal Pay Act
    f) The Fair Labor Standards Act ("FLSA")
    g) The Employee Retirement Income Security Act (ERISA)
    h) The Americans with Disabilities Act of 1990
    i) The Rehabilitation Act of 1973
    j) The Family and Medical Leave Act of 1993
    k) 42 U.S.C. §§ 1981, 1985(3), and 1986
    l) The Occupational Safety and Health Act
    m) Chapter 760, Florida Statutes
    n) The Florida Private Whistle-blower's Act of 1991
    o) Chapter 11A of the Miami-Dade County Code

2. This Release also includes all claims which were, or could have been, asserted in the lawsuit styled IDIAQUEZ *v.* GIBSTEIN, Case Number 16-20298-CIV-JLK currently pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

    **Consideration.** In consideration of the promises of Plaintiff as set forth herein, the Defendants agree to settle this matter in the total amount of Thirty Thousand Dollars and

*V.L.I.V.*

No Cents ($30,000.00). Full payment shall be made on 7/6/17, in a single check payable to the "Client Trust Account of J.H. Zidell, P.A."

Of the said total amount, Plaintiff shall receive ($15,500). Plaintiff's counsel shall receive ($14,500) for fees and costs. Defendants agree to pay the full mediation fee.

3. **Non-Admission Clause.** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

4. **Non Disparaging Remarks and No Re-hire**. In the event that a prospective employer requests a reference for Plaintiff, the parties agree that Defendants will only provide a neutral reference (including a letter) regarding dates Plaintiff performed services for Defendants, and/or positions held, and/or rates of pay. Plaintiff is not eligible for rehire by Defendants under this Agreement

5. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

    a) **Dismissal of Lawsuit**. The parties agree to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal with Prejudice of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed Order.

6. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

7. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

8. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendant to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

9. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.

VLJV

10. **Confidentiality:** By receipt of the Settlement Amount set forth above, the Plaintiff expressly agrees that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past, present or future employees of the Defendants or any other persons, with the exception of: (1) this agreement may be used as evidence in any action relating to a breach of this agreement; (2) for enforcement of this agreement; (3) Plaintiff's counsel; (4) Plaintiff's Accountant; (5) for reporting to Taxing authorities; (6) Plaintiff's spouse; (7) or when otherwise required by law. As to the terms of this agreement, Plaintiff may only state that the dispute has been "resolved." The prevailing party to a suit for any breach of this Settlement Agreement is entitled to all attorneys' fees and costs, jointly and severally, from the nonprevailing party.

By: _____
VICTORIA LIBERTAD IDIAQUEZ

Date: 07-06-17

By: _____
AMY GIBSTEIN

Date: 7/6/17

By: _____
LEE ANDREW GIBSTEIN

Date: 7/6/17